UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

ANDREA FUDE LAGE,                                    Case No. DL 18-02766
f/k/a Andrea Lynn Fude,                              Hon. Scott W. Dales

                    Debtor.
_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge

Shortly after chapter 7 debtor Andrea Fude Lage (the "Debtor") filed her chapter 7 bankruptcy petition, she undertook to sell real estate included within the estate without court authority. When the chapter 7 trustee ("Trustee") learned of the proposal, he evidently took steps to facilitate the unauthorized transaction. The Trustee now seeks approval of the unlawful sale under the guise of a supposed settlement motion, citing Fed. R. Bankr. P. 9019. *See* Motion to Approve Agreement Between Trustee and Debtor Dated August 23, 2018 *Nunc Pro Tunc* (the "Motion," ECF No. 44). Despite the absence of objection, the court will deny the Motion.

As the Trustee explains in his Motion, after filing her bankruptcy petition, the Debtor hired a realtor to market and sell real estate commonly known as 1144 Woodland Beach, Battle Creek, Michigan (the "Property"), and her efforts bore fruit. On July 10, 2018, the Debtor signed a purchase agreement to sell the Property to a buyer, not identified in the Motion, for $118,000.00. When he learned of the proposed sale (prior to closing) the Trustee responded as follows:

> Trustee evaluated the situation, examined a proposed closing statement based on the offered price, the Debtor's Schedules, particularly Schedule C, and determined that there was sufficient equity to attempt to complete the sale. Trustee also reviewed other documents and information provided which lead to his conclusion that it was in the best interest of the creditors of this estate that

the sale should be concluded as it was unlikely that another offer for this amount could be obtained given the physical condition of the real estate, if the sale was not concluded.

Motion at ¶ 4.  Rather than taking steps to prevent the admittedly unauthorized sale or file a motion to give notice of the proposed transaction and expedite the court's approval, however, he instead signed an agreement with the Debtor -- the subject of the current Motion -- on August 23, 2018. That same day, without disclosing any of this, he moved to abandon the Property and sought to appoint himself as Trustee's counsel.  Still in the dark about the sale, and without objection, the court approved both requests.

The agreement, attached to the Motion as Exh. A (the "Agreement"), required the Debtor to remit a portion of the sale proceeds ($5,881.57) to the estate, plus an additional sum ($1,536.37). It also required her to deed to the estate certain real estate in Otsego County, and amend her bankruptcy schedules -- on pain of forfeiting her discharge should she fail.  In exchange, the Trustee agreed to abandon the estate's interest in the Property, which he promptly did.  Nothing in the Agreement conditioned any of its terms upon court approval.

Nearly a year after acquiescing if not facilitating the sale of the Property, the Trustee filed a motion seeking, in effect, to approve the unauthorized sale, retroactively, but disguising the relief as approval of a settlement.

In recent years, the court has witnessed with disturbing frequency the filing of motions to approve unauthorized post-petition sales, *nunc pro tunc*, usually by or on behalf of unsophisticated chapter 13 debtors or their chagrined counsel who belatedly discover the transaction.  *See, e.g., In re Whittington-Saddler*, No. DL 16-05439, 2018 WL 5255350 (Bankr. W.D. Mich. Sept. 18, 2018).  In such cases, after noting that retroactive or "*nunc pro tunc*" relief is allowed only in "extraordinary" or "unusual" circumstances, the court borrowed the analysis that Judge James D.

Gregg applied in the similar context of unauthorized post-petition financing.  *See Id.* (citing *In re Grand Valley Sport & Marine, Inc.*, 140 B.R. 840, 850 (Bankr. W.D. Mich. 1992)).  The court observed  that "*nunc pro tunc* relief is available if the equities strongly favor the moving party and there is no prejudice to interested parties."  *Grand Valley Sport & Marine*, 140 B.R. at 852.  In addition, before approving the extraordinary retroactive relief,

> the court must (i) be confident it would have authorized the transaction if a timely application had been made; (ii) be satisfied that creditors are not harmed by the transaction; and (iii) find that the parties honestly believed they had the authority to enter into the transaction.

*Whittington-Saddler*, 2018 WL 5255350, at*1 (citing *Grand Valley Sport & Marine*, 140 B.R. at 850-51).

Applying the teaching of *Grand Valley Sport & Marine*, the court finds that the equities do not "strongly favor" the Trustee.  From his many years of service as a panel trustee, he was obviously aware before closing that the sale of the Property required court approval under § 363(b), yet he acquiesced in it.  Indeed, the sale would likely not have closed without his participation. Moreover, he disguised the sale with his abandonment request, stating (falsely) that the Property "is either burdensome or of inconsequential value to the estate."  *See* Notice of Right to Demand Hearing, Abandonment of Property and Order Disallowing Secured Claims (ECF No. 13).  The present Motion establishes that the Property was not "burdensome or of inconsequential value to the estate."  11 U.S.C. § 554(a).  Similarly, conditioning a debtor's discharge on compliance with a settlement agreement under the circumstances strikes the court as draconian and inconsistent with the equities in bankruptcy that favor a fresh start.  The complete disregard of statutory requirements and court rules is shocking, even without considering the experience of this particular

Trustee, who is also a member of the bar, and is certainly inconsistent with a finding that the equities "strongly favor" the Trustee.

As for possible prejudice, the court cannot tell whether the transaction prejudiced interested parties, but it appears that the Trustee endeavored to leverage the sale for the benefit of the estate by using the opportunity to secure a deed to another property in Otsego County, improved disclosure on the schedules, and additional funds.[1]

With respect to the remaining *Grand Valley Sport & Marine* factors, the Motion does not permit a finding that the court would have approved the transaction had it been aware of the proposal at the time -- the Property was listed for an exceedingly short time, the identity of the buyer (whether an insider or not) is unknown, and the court had no opportunity to vet the disinterestedness of the realtor who, effectively, represented the estate and presumably was paid for the work, also without authority. For similar reasons, the court cannot determine whether creditors were harmed by the sale.

Obviously, the record precludes any finding that the parties "honestly believed they had the authority to enter into the transaction," *Grand Valley Sport & Marine*, 140 B.R. at 850-51, given the Trustee's experience and the fact that the Debtor was herself represented by experienced counsel.

---

[1] In his Form 1 filed January 7, 2019 (ECF No. 33) the Trustee identifies the proceeds of the unauthorized sale of the Property and sets forth his rationale for permitting the transaction to occur:

> Cash per agreement between Debtor and Trustee dated 08/23/18. Funds paid to Trustee from sale proceeds (abandoned real estate per agreement which protected estate's interest in proceeds from unauthorized sale of real estate. Real estate was listed and Buy/Sell agreement signed after case filed without Court authority. Tee [sic] determined that sale was in the best interest of the credtors [sic] and would produce the amount recovered if the sale could close. Issues considered by Trustee: Sale could not be completed before closing deadline and sale would be lost. Debtor could amend her exemptions to protect the entire net equity. Sale was highest that could be expected given its condition and the time of year. Loss of sale would result in nothing for the creditors.

Because the Trustee has not justified the extraordinary, retroactive relief requested, the court will deny the Motion.  Faced with the situation, the Trustee and Debtor's counsel ought to have sought court approval, on an expedited basis if necessary, to prevent the prospective purchaser from walking away from the deal, rather than pressing ahead with the transaction and, in effect, seeking forgiveness through this Motion.  *See Whittington-Saddler*, 2018 WL 5255350, at*1 ("it is always better to ask a bankruptcy court for permission rather than forgiveness.").

Finally, nothing in this order should be construed as vacating the abandonment order (ECF No. 14) or the order appointing the Trustee as counsel (ECF No. 21).  The court will address any challenge to these orders if a party-in-interest files a motion for relief under Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b).

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Andrea Fude Lage, Kristen L. Krol, Esq., John A. Porter, Esq., and the Office of the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated August 1, 2019**



Scott W. Dales
United States Bankruptcy Judge